UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.:_____

| | |
|---|---|
| STEPHEN P. ALMS, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT FOR AGE |
| ) | DISCRIMINATION AND |
| v. ) | WRONGFUL DISCHARGE |
| ) | |
| CARDINAL LOGISTICS ) | |
| MANAGEMENT CORPORATION,) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOW COMES** Plaintiff, complaining of Defendant and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought to remedy employment discrimination on the basis of age against Plaintiff. Plaintiff's Complaint is brought under The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, as amended, which incorporates by reference § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Additionally, Plaintiff asserts a claim for wrongful discharge under the North Carolina Equal Employment Practices Act (EEPA), N.C.G.S. § 143-422 *et. seq.*

2. Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to ADEA and North Carolina law.

3. On May 8, 2019, the EEOC issued Notice of Right to Sue to Plaintiff. (Attached as Exhibit 1)

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") designated as EEOC Charge No. 430-2019-00798. (Attached as Exhibit 2)

1

5. Plaintiff has exhausted his administrative remedies.

6. The unlawful employment practices complained of herein occurred within Cabarrus County, and Iredell County, North Carolina.

7. The jurisdiction of this court is invoked pursuant to 38 U.S.C. §4323(b)(3), 29 U.S.C. § 626(c), 28 U.S.C. §1367, and 28 U.S.C. 1343(a)(4).

8. This court should assume supplemental jurisdiction of Plaintiff's state law claims for wrongful discharge under 28 U.S.C. §1367(a) because these claims are based upon the same operative facts as the discrimination claims over which the court has jurisdiction, and judicial economy, convenience, and fairness to the parties demand that the court assume and exercise jurisdiction over all claims alleged herein.

9. The venue of this court over this controversy is based upon the following:

    a. The unlawful employment practices alleged herein were committed in the Middle District of North Carolina. Accordingly, venue lies in the United States District Court for the Middle District of North Carolina under 28 U.S.C. § 1391(b): and,

    b. Plaintiff avers that Defendant is a corporation doing business in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## PARTIES

10. Plaintiff is a citizen and resident of Iredell County, North Carolina.

11. Defendant is a domestic corporation licensed to do and doing business in the State of North Carolina.

12. At all times relevant to this Complaint, Defendant employed 500 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

13. Defendant is engaged in an industry affecting commerce and is an employer within the meaning of § 11(b) of ADEA, 29 U.S.C. §630(b).
14. At all times relevant to this Complaint, the following people were employed by Defendant and acted within the course and scope of their employment and as agents of Defendant for all of the acts alleged herein:
    A. Charles "Chip" D. Robinson, (hereinafter "Robinson"), Area VP.
    B. Holly Hardie (hereinafter "Hardie"), PHR, SHRM-CP.

### STATEMENT OF FACT

15. Plaintiff was an employee of Defendant and hired on or about November 4, 2013, by Greatwide Logistics Services LLC (later acquired by Defendant as part of the merger with Center Bridge Partners in NY) as a General Manager.
16. On or about March 31, 2017, Plaintiff was promoted to Senior Manager of Special Projects and on or about January 2, 2018, promoted to Senior Manager of Business Development.
17. Mr. Alms was born on April 10, 1972 and is presently 47 years of age.
18. Plaintiff was terminated on or about November 9, 2018.
19. Plaintiff always received excellent or above average performance reviews in excess of 5 years.
20. On or about November 9, 2018, Robinson, informed Plaintiff his position was being eliminated.
21. Plaintiff was given no further options other than release and termination with regard to his employment at Defendant.

3

22. Plaintiff was informed that his position was allegedly being eliminated through a reduction-in-force ("RIF") although Defendant hired Plaintiff's replacement November 12, 2018, Heath Kirkley (hereinafter "Kirkley") (age 28).
23. No other employees were affected by the alleged job elimination and RIF plan.
24. Kirkley (age 28) performs the same job duties and job functions within the brokerage division which Plaintiff had previously performed.
25. Defendant's stated reason for Plaintiff's termination is due to an alleged job elimination affecting no other Defendant employees and nothing else.
26. Plaintiff's position has been replaced by another employee hired the following week on November 12, 2018, who is substantially younger than Plaintiff, namely Kirkley (age 28).
27. Plaintiff had always been considered an excellent and productive Senior Manager of Business Development and was performing within Defendant's reasonable expectations.
28. Plaintiff's performance review in July 2018 states that Plaintiff was exceeding in all categories and was signed by Robinson and Hardie.
29. The job duties and job functions which Plaintiff performed are now performed by Defendant employee, Kirkley (age 28).
30. Defendant's sole stated reason for Plaintiff's termination, a RIF, affecting only Plaintiff, with a 28 year old employee hired the week after Plaintiff's termination to perform the same job duties and job functions which Plaintiff used to perform, is pretextual and false.
31. Plaintiff's previous job duties and functions are performed by substantially younger employees of Defendant.
32. As a result of being terminated from a job that Plaintiff held for over 5 years, Plaintiff has lost his income, his benefits, and his peace of mind.

4

33. As a result of the actions of Defendant as described herein, the Plaintiff is entitled to damages in an amount greater than $10,000.00.

## AGE DISCRIMINATION

34. Plaintiff incorporates by reference the allegations of paragraphs 1 through 33 as though set forth fully herein.

35. Defendant terminated Plaintiff because of his age (46 years old at the time of termination).

36. Defendant committed unlawful and discriminatory practices in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621. *et. seq.*

37. Plaintiff is entitled to reinstatement to his job, back pay, interest on back pay, front pay, and employment benefits, including but not limited to, vacation pay, sick pay, health insurance benefits, and life insurance benefits.

38. Plaintiff's losses are in an amount greater than $10,000.00.

39. Defendant's conduct, as described above, was willful. Accordingly, Plaintiff is entitled to recover damages under 20 U.S.C. § 621 *et seq.*, including liquidated damages in an amount equal to the damages specified above.

40. Plaintiff is further entitled to recover reasonable attorney's fees and the costs and expenses of this action.

## WRONGFUL DISCHARGE

41. Plaintiff incorporates by reference the allegations of paragraphs 1 through 40 in support of this claim for relief.

42. The termination of Plaintiff from his position was in violation of the public policy of the State of North Carolina, specifically, the North Carolina Equal Employment Practices

5

Act, ("EEPA") N.C.G.S. § 143-422.1, *et. seq.*, which makes discrimination on account of age an unlawful employment practice in North Carolina.

43. Plaintiff is entitled to reinstatement to his job, back pay, interest on his back pay, front pay, and employment benefits, including but not limited to vacation pay, sick pay, health insurance benefits, life insurance benefits, and damages for emotional distress.

44. Plaintiff's losses are in an amount greater than $10,000.00.

45. Defendant's conduct as described herein was willful, malicious, oppressive, wanton, and recklessly in disregard of Plaintiff's rights, so as to entitle Plaintiff to punitive damages under North Carolina law in an amount greater than $10,000.00.

46. Defendant's managers were aware of, condoned, and participated in the illegal discharge of Plaintiff so as to make Defendant liable for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a trial by jury of all issues so triable and respectfully prays for judgment against Defendant as follows:

1. A declaration that the practices and acts complained of herein are in violation of the ADEA and EEPA.
2. An Order enjoining Defendant from engaging in discrimination on the basis of age.
3. For a money judgment against Defendant for violation of the ADEA in an amount greater than $10,000.00.
4. For liquidated damages judgment against Defendant for willful violation of the ADEA in an amount exceeding $10,000.00 and equal the amount awarded for lost employment benefits.

5. For a money judgment against Defendant for the violation of the ADEA and the EEPA representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $10,000.00, which amount shall be determined specifically at the trial of this action.

6. For a money judgement against Defendant representing punitive damages under the ADEA, and EEPA for an amount exceeding $10,000.00, which amount shall be determined specifically at a trial of this action.

7. For a money judgement against Defendant for wrongful discharge in violation of the EEPA, N.C.G.S. § 143-422.1, *et seq.*, representing all lost benefits of employment and compensatory damages, including but not limited to lost wages, lost employment benefits, loss of status, loss of reputation, and inconvenience, for an amount in excess of $10,000.00, which amount shall be determined specifically at a trial of this action.

8. For a money judgment representing pre-judgment interest.

9. For the costs of suit, including an award of reasonable attorney's fees pursuant to state and federal law.

10. For such other and further relief as may be just, proper, and necessary to afford complete relief to Plaintiff and to provide Plaintiff that to which he is entitled at the time this action is tried.

This is the 8th day of August 2019.

                                              s/   Todd J. Combs
                                              Todd J. Combs
                                              NC Bar No.: 23381
                                              Combs Law, PLLC
                                              Attorney for Plaintiff
                                              1965 Mecklenburg Hwy
                                              Mooresville, NC 28115
                                              Telephone: 704-799-2662
                                              Email: todd@combslaw.org

NORTH CAROLINA

IREDELL COUNTY

Stephen P. Alms BEING FIRST DULY SWORN, DEPOSES AND SAYS:

That he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint and knows the contents thereof, that the matters and things stated therein are true to the best of his knowledge, save and except those matters and things stated upon information and belief, and as to those, he believes them to be true.

This the 8 day of August, 2019.

_____
Stephen P. Alms          AFFIANT

SWORN TO AND SUBSCRIBED before me
this the 8th day of August, 2019.

_____ (SEAL)
Official Signature of Notary Public

Jodi Zanolini
Printed or Typed Name of Notary Public

My Commission Expires: February 23, 2024



JODI ZANOLINI
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
2/23/2024